# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

BRUCE H. BOKONY and
BRANDON H. BOKONY                                                                    PLAINTIFFS

v.                                          4:19-cv-00608-DPM-JJV

UNITED STATES
DEPARTMENT OF DEFENSE; e*t al*.,                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     BACKGROUND**

This case involves the termination of dependent benefits by the Department of Defense. Bruce H. Bokony is a U.S. Navy retiree and caretaker of his thirty-seven-year-old disabled son. Brandon Bokony, disabled since his premature birth, receives disability benefits from the Social Security Administration and had previously been receiving dependent medical, dental and other benefits through his father's military retirement. In August 2017, the Department of Defense initiated a "quadrennial financial dependency determination recertification" and compared the percent of support provided by Bruce Bokony to the support received by the Social Security Administration. Based on this comparison, the government reported, "In accordance with U.S.C. Title 10, the sponsor must be providing over 50% of the financial support for a child to continue receiving benefits after the age of 21. After reviewing the documents you submitted, one half of Brandon's monthly expenses are $1,060.39 and his income is $1,137.00 which is over 50% of his expenses." (Doc. No. 1 at 12.) Accordingly, the Department of Defense terminated Brandon Bokony's benefits as of January 10, 2018. Through his Complaint, Bruce Bokony seeks, *inter alia*, declaratory and injunctive relief to restore his son's benefits.

In response, the government moves for remand of this case for reconsideration by the Navy Personnel Command (NPC). Defendants states, "During the remand period, NPC will have the

2

opportunity to review and consider materials submitted by plaintiff's in support of the alleged errors or injustices identified in their complaint arising from the denial of the financial recertification for Brandon Bokony's benefits." (Doc. No. 41 at 2.) Defendants add, "Should plaintiff's be dissatisfied with the NPC decision resulting from this remand, this matter may be reviewed under the standards set forth pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706." (*Id.*) Defendants also set forth specific timelines for remand rather than an indefinite period for agency review. (Doc. No. 42 at 5.)

Plaintiffs oppose this request. (Doc. No. 43.) But Plaintiffs provide no strong basis for the Court to deny this request. (Doc. No. 43 at 3, 44.)

I recognize Plaintiffs are exhausted trying to restore the precious benefits they believe were unjustly and unlawfully stripped away. However, given the Defendants' proposed timelines, I find the request to remand should be granted. It appears the most just and proper method for fully evaluating Plaintiffs' claims is to allow the NPC the opportunity to obtain all the necessary documentation and engage in a meaningful analysis of whether or not federal law allows Brandon Bokony to resume receipt of his dependent benefits.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, this matter be remanded to the Secretary of the Navy for submission to and reconsideration by the NPC. The initial period of remand should be for 120 days;

2. Plaintiffs be allowed thirty (30) days from the date this order is adopted to file additional matters or amend their financial recertification information for reconsideration by the NPC;

       3.      Remand will be for the purpose of NPC reviewing any additional evidence submitted by Plaintiffs and reconsidering whether Brandon Bokony qualifies for dependent benefits and all other claims made in Plaintiffs' January 31, 2020 Brief (Doc. No. 40);

       4.      This matter will be stayed until completion of the remand; and

       5.      Counsel for Defendants shall notify the Court within 30 days of a decision by the NPC on remand.

DATED this 11th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE