## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

BRUCE H. BOKONY and                                           PLAINTIFFS
BRANDON H. BOKONY

v.                                  No. 4:19-cv-608-DPM

UNITED STATES DEPARTMENT OF
DEFENSE, Secretary of Defense, Mark T.
Esper;  UNITED STATES DEPARTMENT OF
THE NAVY, Secretary of the Department of
the Navy, Richard V. Spencer;
JEFF W. HUGHES, Commander Navy
Personnel Command, Rear Admiral;  and
DOES, United States Navy Personnel
Command                                                       DEFENDANTS

### ORDER

Brandon Bokony is severely disabled and his father, Bruce, takes care of him.  Bruce is a retired Navy man.  He is frustrated with the Navy's decision that Brandon no longer qualifies for benefits through the Incapacitated Family Member Program.  Bruce filed this lawsuit challenging the Navy's decision.  The Navy asks the Court to send the matter back to the Navy Personnel Command so it can reassess things, interpret its own regulations, and create a fuller record.  Magistrate Judge Volpe recommends that remand.  Bruce objects, asking this Court to hold that the law clearly entitles Brandon to permanent benefits.

This Court reviews Magistrate Judge Volpe's recommendation *de novo*. *Doc. 46*; *Doc. 47*; FED. R. CIV. P. 72(b)(3).

The core dispute is the Navy's calculations. Bruce filled out the Navy's DD Form 137-5 and put Brandon's social security benefits down as earned income. *Doc. 39 at 4 & 8*. His benefits are $1,137 a month. *Doc. 39 at 4, 5 & 8*. Bruce also had to specify fifty percent of Brandon's monthly expenses. That number is $1,060.39. *Doc. 39 at 4, 5 & 8*. So the form reflected that Brandon's earned income was more than half his monthly expenses. Bruce was not paying more than half of Brandon's expenses; Brandon was; and therefore the family didn't qualify for the Incapacitated Family Member Program. *Doc. 39 at 8*. The Navy canceled Brandon's benefits and revoked his ID card. *Doc. 39 at 8*; *Doc. 44 at 2*. Bruce says he didn't have any guidance in filling out the form. After getting some, he has gone back and forth with the Navy to clarify that Brandon is dependent on him. *Doc. 39*. As Bruce puts it, Brandon "is totally incapacitated, both mentally and physically, such that he has never lived alone or been capable of self-support." *Doc. 39 at 7*.

The Navy wants to reconsider, while the Bokonys seek judgment as a matter of law. They argue hard from 10 U.S.C. § 1060(b), 10 U.S.C. § 1072, and 32 C.F.R. § 199.3. The Court has studied those authorities, but is unable to conclude that the Bokonys are entitled to prevail as a matter of law. The governing regulation, for example, begins with

some hedging words about eligibility and sweeps in many other potentially applicable regulations.  32 C.F.R. § 199.3(a).  Plus, it is not clear that the Navy has had the opportunity to consider the Bokonys' recent legal arguments about 32 C.F.R. § 199.3;  the Navy's denial letter mentions only Title 10.  The record also needs more development in several areas:  Do Brandon's social security disability benefits count as earned income?  What are his eligible expenses?  Exactly what amount of support does Bruce provide?  While the Bokonys say they have nothing to add on the facts, the Court concludes that more, or at least clarification, would be helpful.

In general, when an agency seeks a remand to reconsider and take further action in pursuit of complying with the law, a court should allow that step.  *E.g.*, *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416–18 (6th Cir. 2004); *see also Dakota, Minnesota & Eastern Railroad Corporation v. U.S. Department of Labor Administrative Review Board*, 948 F.3d 940, 947–48 (8th Cir. 2020).  Though it seems to be an open question in the Eighth Circuit, the weight of authority holds that remand without vacating the agency decision is permitted by the Administrative Procedure Act and is a matter of the Court's equitable discretion.  *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, 781 F.3d 1271, 1289–90 (11th Cir. 2015).  Here, if the Navy denies benefits after reconsideration, the Court will have the benefit of its full reasoning based on all the applicable regulations and a more complete

factual record.  The Court is not persuaded by the Bokonys' argument that a remand will only mean delay and prolongation of error.  It may result in the sought-after benefits.  If not, it will result in a record clearer on the law and the facts.  The Court's deadlines, moreover, will secure a prompt reconsideration by the agency that administers these benefits for veterans' families.

\*   \*   \*

As supplemented, the Court adopts Magistrate Judge Volpe's recommendation to remand, *Doc. 46*, and overrules the Bokonys' objections, *Doc. 47*.  The motion for summary judgment, *Doc. 26*, is denied without prejudice.  This matter is remanded to the Secretary of the Navy, who must return it to the Navy Personnel Command.  The Bokonys have until 29 May 2020 to file with the Navy Personnel Command any related claims or amend their financial recertification information.  The Navy Personnel Command must reconsider the Bokonys' claims, including those in *Doc. 40*, and issue a decision by 27 August 2020.  The defendants must file that decision with the Court as soon as practicable after the decision is made.  The Court retains jurisdiction.  The case is stayed until further Order.

So Ordered.

_DPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_28 April 2020_